IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SANITEC INDUSTRIES, INC.,           §
                                    §
     Plaintiff/                     §
     Counterclaim Defendant,        §
                                    §
v.                                  §
                                    §    CIVIL ACTION NO. H-04-3066
MICRO-WASTE CORPORATION,            §
                                    §
     Defendant/                     §
     Counterclaim Plaintiff         §


ORDER ON ATTORNEYS' FEES

     In the Court's Findings of Fact, Conclusions of Law, and
Conclusion and Order entered November 28, 2006, the Court requested
the parties to reach agreement on the amount of attorneys' fees,
expenses, and costs that will be awarded to Micro-Waste in the
final judgment pursuant to the Court's November 28 holding.  Based
upon the Findings of Fact and Conclusions of Law, the Court
determined that the attorneys' fees, expenses, and costs to which
Micro-Waste is entitled are those incurred in successfully
enforcing the License Agreement and its validity, and defending
Micro-Waste's conduct under the License Agreement, and does not
include attorneys' fees, expenses, and costs incurred in its
prosecution of unsuccessful claims and defenses and, in particular,
its defenses that the '000 Patent is invalid or unenforceable, and
its dismissed tortious interference and Lanham Act claims against

Industries.  The parties were given a reasonable period of time within which to examine Micro-Waste's supporting material for the attorneys' fees and expenses and to reach agreement.  The parties did not agree.

Micro-Waste has now exhibited its detailed time records and recorded expenses incurred during the two and one-half years of this litigation.  In aggregate, Micro-Waste claims to have incurred fees in this litigation that total $1,445,430.  Micro-Waste contends through its expert on attorneys' fees that approximately 71% of these fees are recoverable under the terms of the Court's November 28, 2006, Order, or the sum of $1,031,403.  Similarly, total expenses were incurred in the sum of $161,047, of which Micro-Waste claims here $114,343 (approximately 71%).  The fees and expenses claimed as recoverable therefore total $1,145,746.  This claim is supported by Micro-Waste's expert on attorneys' fees, Robert C. Curfiss, who "reviewed these records and deducted all fees associated with the disallowed counterclaims, with the intent of establishing a fee record which could be supported as if the disallowed counterclaims had never been filed."[1]  In an effort to compromise with Sanitec Industries, Micro-Waste proposed the sum of $1,132,243.  Sanitec Industries, on the other hand, stated it would

---

[1] Mr. Curfiss formerly was a partner in the law firm representing Micro-Waste and performed some services on this case before resigning from the law firm.

2

agree that only $52,682 of the fees and expenses incurred were compensable under the Court Order.[2]

The Federal Circuit Court of Appeals generally applies regional circuit and state law when reviewing attorneys' fees awards on issues not unique to patent law or intimately involved in its substance.  *See e.g.*, Int'l Rectifier Corp. v. Samsung Elecs. Co., 424 F.3d 1235, 1238 (Fed. Cir. 2005); Flex Foot, Inc. v. CRP, Inc., 288 F.3d 1362, 1365-66 (Fed. Cir. 2000).  The Fifth Circuit prescribes the use of the "lodestar" method to calculate reasonable' attorney fees.  *See* Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999); *accord* Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 568-69 (5th Cir. 2006).  The first step requires determining "the compensable hours from the attorneys' time records, including only hours reasonably spent."  Shipes v. Trinity Indus., 987 F.2d 311, 319 (5th Cir. 1993).  Then, the court "must select an appropriate hourly rate based on prevailing

---

[2] The fact that these discussions ended with the parties more than $1 million apart on the amount of reimbursable fees and expenses when the claim was for $1,141,000, reflects the kind of needless contentiousness that has stained much of this adversarial proceeding.  The lawyers on both sides have surely heard of Abraham Lincoln but perhaps not of his sage counsel to lawyers:

> Persuade your neighbors to compromise whenever you can. Point out to them how the nominal winner is often a real loser--in fees, expenses, and waste of time.  As a peacemaker the lawyer has a superior opportunity of being a good man.  There will still be business enough.

community standards for attorneys of similar experience in similar cases." Id.  These two figures are then multiplied together to produce the lodestar amount.  Id.; *accord* Hensley v. Eckerhart, 103 S. Ct. 1933, 1939 (1983).  The lodestar may then be adjusted upward or downward based on any of the twelve factors listed in Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974), that have not already been considered in calculating the lodestar. Shipes, 987 F.2d at 320.

Industries does not challenge the hourly rates charged by Micro-Waste's counsel at Jackson Walker LLP, which range from $290 to $495 for partners, $170 to $215 for associates, and $90-130 for legal assistants.  The Court agrees that these rates are comparable to those charged in the Houston area by attorneys and staff of similar experience in this type of litigation.  Instead, the central dispute pertains to the number of hours that are recoverable under the Court's Order and that were reasonably incurred in Micro-Waste's defense and enforcement of the License Agreement.

Industries contends that Micro-Waste overstaffed the case by including seven attorneys--three partners, four associates--and several legal assistants on its trial team.  Industries concludes that "it is reasonable to assume that duplicate work was performed." Id.  What Industries refers to as duplication of

4

efforts appears instead to have been *delegation* of work to attorneys of varying expertise in order to maximize efficiency and reduce billing costs. According to attorney Richard E. Griffin, the lead partner on the case, Micro-Waste's agreement with counsel at Jackson Walker LLP prescribed that the firm would utilize "the attorney with the lowest hourly rate that was qualified to do the work required." Document No. 185 ¶ 9. Indeed, the billing records reflect that the partner with the highest billing rate billed fewer hours than either of the other two partners, and the associate with by far the greatest number of associate hours had a materially lower billing rate than the associate who had the next largest number of hours. Overall the entries reflect very few instances in which attorneys were simultaneously billing for conferences between members of the litigation team. Moreover, on those days during which multiple team members worked on the Micro-Waste litigation, the descriptions of work performed seldom show any duplication of efforts. The evidence therefore reflects that on the whole Micro-Waste did not materially overstaff its case.

Industries also challenges the lack of specificity in the majority of Micro-Waste's billing entries. Although inadequate documentation is a basis for excluding or reducing fees that might otherwise be allowed, *see* <u>Von Clark v. Butler</u>, 916 F.2d 255, 259 (5th Cir. 1990), the specificity required to sustain an attorney's fees award must be understood in light of the realities of

litigation.  *See* Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 327 (5th Cir. 1995)("[W]e are mindful that practical considerations of the daily practice of law in this day and age preclude 'writing a book' to describe in excruciating detail the professional services rendered for each hour or fraction of an hour.").  The Court suspects that seldom, if ever, would billing entries satisfy the level of specificity advocated by Industries. When lawyers are preparing for and trying a difficult lawsuit with multiple claims and counterclaims, and with witnesses who often have evidence to give related to several of the issues, it is simply not practicable to record time in high definition hour by hour as to *which* issue at that time has come to mind and is the focus of attention.  The inevitable and understandable lack of clear delineation between the hours expended on excluded and included matters requires the Court to exercise discretion in determining the proportion of the fees that reasonably should have been incurred with respect to the defense and enforcement of the License Agreement.  *Cf*. Von Clark, 916 F.2d at 259.

Industries construes too narrowly the fees to be recovered under the Court's November 28, 2006, holding.  Micro-Waste's successful defense and enforcement of the License Agreement necessarily included not only its defense against the allegations of infringement, but also its defending against Industries's additional claims of fraudulent inducement of the Agreement,

conversion, and Lanham Act violations.  Micro-Waste is not entitled to recover legal fees and expenses for pursuing its own unsuccessful counterclaims and defenses.  Thus, Micro-Waste's failed counterclaims of tortious interference, Lanham Act violations, inequitable conduct before the Patent and Trademark Office, Sherman Act claims, and challenged validity of the '000 Patent, must be excluded.

Because the majority of the billed hours are not itemized with clear delineations between the successful and unsuccessful claims and the claims for which attorneys' fees are recoverable and those for which they are not, the Court must make an informed finding based on the Court's own knowledge, experience, and expertise of the time required to complete similar activities.[3]  The Court's finding is made from a preponderance of the evidence, and takes into account the Court's intimate knowledge of the issues involved in the case derived from pretrial proceedings and rulings, the conduct of the trial itself, and from having prepared nearly 100 pages of Findings of Fact and Conclusions of Law.  The Court has also made a painstaking examination of the time records submitted

---

[3] Before becoming a judge, the trial judge on this case had 30 years of trial and appellate experience in federal and state courts, in a wide variety of cases brought under state and federal law, including contract disputes and other commercial matters comparable to or more complex than the present case.  This Court is also very familiar with the necessary staffing requirements for major and highly contentious lawsuits.

by Micro-Waste, and has made calculations with respect to the reported time expended on the case by Micro-Waste's principal participants, Richard E. Griffin (approximately 607 hours at hourly rates of from $475 to $495), Frank G. Vlahakos (approximately 778 hours at hourly rates of from $290 to $310), Mark A. Tidwell (approximately 568 hours at hourly rates of from $335 to $355), Daniel S. Ure (approximately 533 hours at hourly rates of from $170 to $195), Amy L. Head (approximately 173 hours at an hourly rate of $215), and legal assistant Kelly Pritchard (approximately 1,374 hours at an hourly rate of $125). A number of additional hours were worked on the case by several other lawyers and legal assistants, which is not unusual, but none individually incurred a significantly large number of hours. In all, Micro-Waste's lawyers report a total of approximately 4,400 hours of attorney and legal assistant time spent on the entire litigation.

The Court finds from its detailed review of the submissions and its own acquaintance of the case that it was reasonable and necessary for Micro-Waste's lawyers to expend about half of the total time they reported in order successfully to defend the License Agreement. The Court further finds that the successful defense and enforcement of the License Agreement reasonably required the services equivalent to two partners and two

associates, and one experienced legal assistant,[4] with a lodestar as follows:

| Attorney/<br>Legal Assistant | Time<br>Required | Hourly<br>Rate | Totals |
|---|---|---|---|
| Senior Partner | 330 | $485 | $   160,050 |
| Second Partner | 650 | 345 | 224,250 |
| Senior Associate | 450 | 225 | 101,250 |
| Junior Associate | 150 | 160 | 24,000 |
| Legal Assistant | 600 | 125 | 75,000 |
| Subtotal | 2,180 | | 584,550 |
| Expenses | | | 80,500 |
| Total | | | 665,050 |

The foregoing lodestar includes reasonable and necessary recoverable expenses shown in the amount of $80,500, approximately one-half of all expenses incurred by Micro-Waste in the litigation. In all, the lodestar of fees and expenses found to be recoverable totals in aggregate about 41.4% of the total fees and expenses incurred by Micro-Waste during all aspects of the litigation. The number of hours of professional time attributed to the lodestar is approximately 49.5% of the total hours of professional time that

---

[4] The Court recognizes that a larger number of lawyers and legal assistants may be employed to achieve certain efficiencies or skills, which is why the term "equivalent" is used, that is, to postulate a lodestar in terms of the time and labor reasonably required of partners and associates with appropriately different levels of experience and competency to defend the case successfully based on the License Agreement.

the Court computed from the submitted time records.  Indeed, these findings are consistent with the judgment of the Court that about half of the time expended and expenses incurred by Micro-Waste were in pursuit of defenses and counterclaims for which it was not entitled to recover fees and expenses, including those failed defenses and counterclaims referred to above.

Micro-Waste has not claimed that there are grounds for an upward adjustment of the lodestar determined by the Court, and Industries has not argued grounds for a downward adjustment. Nonetheless, having *sua sponte* consulted each of the factors in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), the Court finds no evidentiary basis requiring an adjustment of the lodestar apart from what the Court has determined above, namely, the time and labor required successfully to defend and enforce the License Agreement based on the Court's own knowledge, experience, and expertise of the time required to complete similar activities.

For the foregoing reasons, it is

ORDERED that Defendant Micro-Waste Corporation shall have and recover from Plaintiff Sanitec Industries, Inc. reasonable and necessary attorneys' fees incurred in the enforcement of the License Agreement and defending its conduct thereunder, in the

10

amount of $584,550 and reasonable expenses in the amount of $80,500, for a total judgment of $665,050.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 1st day of March, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE