IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANITEC INDUSTRIES, INC., § | |
| § | |
| Plaintiff/ § | |
| Counterclaim Defendant, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-04-3066 |
| MICRO-WASTE CORPORATION, § | |
| § | |
| Defendant/ § | |
| Counterclaim Plaintiff § | |

ORDER AWARDING ATTORNEYS' FEES FOR APPEAL

Pending is Defendant Micro-Waste Corporation's ("Micro-Waste") Application for Fees and Expenses (Document No. 220).[1] Micro-Waste seeks a portion of the fees it incurred in successfully defending against Plaintiff Sanitec Industries, Inc.'s ("Industries") appeal from this Court's Final Judgment entered March 1, 2007. The Federal Circuit Court of Appeals affirmed the Final Judgment. Micro-Waste seeks fees incurred in defending on appeal the License Agreement and its validity, Micro-Waste's conduct under the License Agreement, and Micro-Waste's recovery of attorneys' fees related thereto. Micro-Waste is not seeking fees attributable to its unsuccessful claims and defenses--in particular, its defenses that

---

[1] Although the motion is entitled "Application for Fees and Expenses," the motion itself requests only fees, not expenses.

the '000 Patent was invalid or unenforceable, and its dismissed tortious interference and Lanham Act claims against Industries.

Micro-Waste has exhibited its time records for litigating the appeal. In aggregate, Micro-Waste claims to have incurred appellate fees that total $243,765.00. Micro-Waste contends through its expert on attorneys' fees that approximately 72% of these fees, or the sum of $176,118.55, are recoverable under the terms of the Court's previous attorneys' fees award.[2]

The "lodestar" method is used to calculate reasonable attorneys' fees. *See* Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999); *accord* Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 568-69 (5th Cir. 2006). The lodestar method first requires determining "the compensable hours from the attorneys' time records, including only hours reasonably spent." Shipes v. Trinity Indus., 987 F.2d 311, 319 (5th Cir. 1993). The court then "must select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." Id. These two figures are multiplied together to produce the lodestar amount. Id.; *accord* Hensley v. Eckerhart, 103 S. Ct. 1933, 1939 (1983). The lodestar amount may then be adjusted upward or downward based on any of the twelve factors listed in Johnson v.

---

[2] Micro-Waste's claim for attorneys' fees is supported by the declaration of one of its attorneys, Alan B. Daughtry. Document No. 220, ex. F.

Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974), that have not already been considered in calculating the lodestar amount. Shipes, 987 F.2d at 320.[3]

Industries does not challenge the hourly rates charged by Micro-Waste's counsel at Jackson Walker LLP, which range from $375 to $625 for partners, $325 to $345 for mid-level associates, and $90 to $160 for legal assistants, and these ranges of rates are therefore accepted as reasonable and comparable to rates charged in the Houston area by attorneys and staff of similar experience in this type of appeal.

Industries asserts, however, that the total amount of Micro-Waste's fee request is unreasonable because numerous entries in counsel's time records do not delineate between the issues on appeal. Industries has highlighted what it considers defective time entries in an exhibit attached to its response. Document No. 231, ex. A. As noted in the prior award, inadequate documentation is a basis for excluding or reducing fees that might otherwise be

---

[3] The Johnson factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. Johnson, 488 F.2d at 717-19.

3

allowed.  *See* <u>Von Clark v. Butler</u>, 916 F.2d 255, 259 (5th Cir. 1990).  Indeed, Micro-Waste on a number of entries failed to delineate which appellate issue(s) were the subject of the time recorded.

Nonetheless, the Court does not agree with Industries's contention that Micro-Waste should recover nothing for ambiguous time entries as if not a minute of that time was spent in defense of the license-related issues.  As observed in the previous fee award, the Court ultimately must draw upon its own knowledge, experience, and expertise in evaluating the application, and from long experience the Court is aware that recording precisely how much time is spent each day on any of several issues included in the research, writing, and editing of a comprehensive appellate brief, not to mention preparation for and presentation of oral arguments in a Court of Appeals, would require uncommon timekeeping skills.  Moreover, it was Industries that appealed the Final Judgment and, although Micro-Waste responded with a cross-appeal, the Court recognizes that Micro-Waste as the true appellee necessarily focused its appellate energies on what is always paramount to an appellee, namely, holding on to the favorable judgment it obtained in the trial court.  That having been said, the Court acknowledges the argument made by Industries that one of Micro-Waste's attorneys was a specialist in patent law and, presumably, focused virtually all of his 90 appellate briefing

hours on the patent issues. In this analysis, therefore, the Court has discounted all of the hours expended by that patent law specialist. Having done so, and having made a careful review of the time records and the appellate briefs submitted as exhibits to Micro-Waste's motion, and recognizing that at the appellate stage the crafting of appellate arguments, the writing of a finished brief, and the preparation of and presentation of appellate oral arguments, fall far more heavily on partners and senior partners, and drawing upon the Court's familiarity with the issues in the case, the Court finds that it was reasonable and necessary for Micro-Waste's lawyers and staff in their successful appellate defense of the license-related issues to require the services *equivalent* to one senior partner, one partner, one mid-level associate, and one experienced legal assistant,[4] expending the following numbers of hours, to which hourly rates in the agreed ranges are applied, for a lodestar amount as follows:

---

[4] The Court recognizes that a larger number of lawyers and legal assistants may be employed to achieve certain efficiencies or skills, which is why the term "equivalent" is used, that is, to postulate a lodestar in terms of the time and labor reasonably required of partners and associates with appropriately different levels of experience and competency to defend the appeal successfully on the license-related issues.

| Attorney/<br>Legal Assistant | Hours Required | Hourly Rate | Totals |
|---|---|---|---|
| Senior Partner | 100 | $575 | $57,500 |
| Partner | 134 | $425 | $56,950 |
| Mid-Level Associate | 43 | $335 | $14,405 |
| Legal Assistant | 135 | $145 | $19,575 |
| TOTAL | 412 |  | $148,430 |

The $148,430 in fees that the Court finds are recoverable by Micro-Waste on the license-related issues constitute approximately 61% of the total fees incurred by Micro-Waste in its successful defense of the Final Judgment, which is a reasonably proportionate share of the overall appellate fees.  Moreover, although this award is materially less than the proportion of its fees requested by Micro-Waste, the award nonetheless adequately recognizes that Micro-Waste prevailed on that portion of the appeal that was most critical to its success, namely affirmance on the license-related issues.

Neither party has elaborated on factors in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  Nonetheless, having *sua sponte* consulted each of the Johnson factors, the Court finds no additional evidentiary basis requiring an adjustment of the lodestar calculation determined above.

For the foregoing reasons, it is

ORDERED that Defendant Micro-Waste Corporation shall have and recover from Plaintiff Sanitec Industries, Inc. reasonable and

necessary attorneys' fees in the amount of $148,430.00, which were reasonably incurred in successfully defending on appeal that portion of the Final Judgment that depended upon and pertained to the license-related issues.

    The Clerk will enter this Order, providing a correct copy to all counsel of record.

    SIGNED in Houston, Texas, this <u>22nd</u> day of May, 2009.

                                           _____
                                               EWING WERLEIN, JR.
                                         UNITED STATES DISTRICT JUDGE